Good afternoon, Your Honors. May it please the Court, Bob Willis on behalf of the Appellant Homeowners. In preparing for today's argument, I kind of set out what I think the Court would like to hear from us. And that is, what did the District Court decide in this case? What did the District Court do wrong? And what is the correct rule that we're asking this Court to apply? The District Court, in this instance, did a lot of things correct, substantially. It determined that American pipe tolling is legal tolling. We agree with that. It determined that the Arizona courts would recognize and apply the American pipe rule to state law claims in state court. We agree with that. It also stated that when a class action is commenced, the statute of repose is legally tolled, which was consistent also with Arizona Rule Subprocedure 3 that says an action is commenced when the complaint is filed. We agree with that. It also went on to state that the Hoffman class action, which is the underlying claim in this case, or the underlying case, tolled the statute of repose pursuant to American pipe. And we agree with that. The Hoffman class action should have tolled this case pursuant to American pipe. Where it went awry, though, is its next conclusion, was that it concluded that the two and a half years that it took for the Hoffman plaintiffs, not the appellants, the Hoffman plaintiffs, to seek certification was too long, and therefore it was abusive of American pipe. And then it cited two piggyback class action cases from this circuit, such as Catholic Social Services and Robin v. Floor, to support its conclusion that in this instance there was an abuse of the doctrine. Unfortunately, I should say maybe fortunately for my clients, this is not a piggyback class action matter. This case is very similar to dating back to this circuit's decision in Pavlak, which was overturned by the Supreme Court in Crown Court. This is simply where these homeowners waited until certification was denied to move and bring their own individual claims. And in so doing now, they have been denied of the American pipe tolling doctrine that was in existence at the time they filed, or at the time the Hoffman class action was filed. I don't know of any law that supports the district court's crafting of the rule that it came up with here to limit American pipe tolling even further from its carefully crafted parameters, which is what all the buzzwords say about the decision. Let's get the, you know, the decisional matrix in place here first. This is an Erie case, right? This is what? I'm sorry? An Erie case. We have to worry about State law here. That's correct. The question really here is what would the courts of the State have done? That's correct. Do we know what the courts of the State would have done? Well, the district court undertook that analysis, and we also put in our brief that we agreed with the district court. The district court went through the cases in Arizona that would suggest or allow it to conclude that American pipe tolling would apply in Arizona. It looked to the Hall v. Romero case in Arizona, which basically is not on point factually with this case because the defendants in that case weren't the same. So the court didn't allow American pipe tolling in that circumstance, but it did say that if the facts were right, it may apply. And that's what the district court concluded, that under the right facts, American pipe tolling should apply, that Arizona courts would apply it. That was an appellate court decision. It also looked at the Dougherty case, which is a tax case in Arizona, where somebody had filed a tax and administrative claim, basically, and it was a class action claim. Now, this case would involve, however, the fact of the tolling on the statute of repose. Am I right? That's correct. Has Arizona ever ruled on that specific issue? They have not. So we don't really know what Arizona would do in that kind of situation, do we? Well, we don't really have a clear-cut case that's on point out of Arizona, but we do have statutory grounds in Arizona for the tolling of this statute of repose. As pointed to in our briefs, my opponents make a lot of noise about statutory interpretation in the statute of repose. When you get down to looking to what the scheme is, the legislative scheme in Arizona, relevant to these types of claims, homeowners' lawsuits, for defect claims, Arizona's scheme is pretty well – the history of it is pretty well documented, excuse me. The Purchaser Dwelling Act was established by the Arizona legislature, I think it was 2002 is when it came into existence, to allow homeowners to give notice prior to filing suit, and when they give that notice prior to filing suit, then the statute of repose, this particular statute of repose that's at issue in this case, is tolled. It's tolled as long as that action is maintained, and if somebody amends in while that multi-unit dwelling action is being maintained, you get relation back under the Purchaser Dwelling Act. So it would go back again to the filing of the action. And in particular, in this instance, when Hoffman was filed, the Purchaser Dwelling Act required the notice that you must give to the builder to be also served upon the builder at the same time the complaint was filed. So that's what happened here. The complaint was filed in June of 2003, and at that same time notice was served upon the builder according to the Purchaser Dwelling Act. So that case lumbered along in the Arizona trial court, and then what happened was, was eventually these homeowners tried to amend in or intervene or however you want to call it, that was denied, and certification was denied. When they couldn't come in, the Purchaser Dwelling Act ended, they had to give notice again because they didn't have, in order to continue to have the right to bring, it's a jurisdictional statute. You have to give notice before you can file a claim. They filed immediately again, and then they also sought the protections of American Pipe Toning because Hoffman was a class action where certification was sought and it was denied. Well, the district court unfortunately did not, again, as I expressed earlier, the district court made all the right conclusions. American Pipe Toning should apply in Arizona. American Pipe Toning should toll statutes of repose under Arizona's scheme for these types of cases. But then it did not give Arizona Pipe Toning to these homeowners. It fashioned a new rule which really is going to upset the careful, carefully crafted parameters of Arizona, or excuse me, of American Pipe. Because that rule was fashioned by the Supreme Court out of one of this circuit's original cases. That's how it got to the Supreme Court was through the Ninth Circuit on the American Pipe v. Utah.      It's a case that's been amended. I mean, you keep crossing back over the line to the federal situation. Right. But my concern is what do we really know what the State courts would do? Yes. And again, we believe the rule would be the same just as the district court would be the same for the same reasons. Number one, Arizona Rule of Civil Procedure is identical to the federal Rule of Civil Procedure. Hall v. Romero, which is an Arizona appellate court case, said that in the right circumstances we would apply American pipe tolling. The Doherty case, which is an Arizona case, was a tax case, a class action brought before the tax court. They said that's sufficient to do tolling. So all the indications show from the Arizona jurisprudence and case law that American pipe tolling would be allowed in Arizona. In addition, we have the Kirchner Dwelling Act, which is a statute in Arizona that specifically tolls the statute if notice is given and notice was given. So, again, we don't disagree with the district court on that portion of it. What we disagree with with the district court is this limiting of the carefully crafted parameters of American pipe. If this case stands, what's going to happen is it runs from the time the motion is filed until certification is denied. The courts and the plaintiffs are going to suffer because no one is going to be able to rely on Rule 23 to protect them. Plaintiffs then will have to file protective motions. It will upend the decision of American pipe. This Arizona case of Hosagay v. Cadota, what's your take on that? That's an equitable tolling case. It's really not — didn't involve American pipe tolling. It was merely referenced as the — the Arizona Supreme Court in that case referenced American pipe tolling as a form of equitable tolling. There's a lot of courts that have referred to American pipe tolling as equitable tolling. This circuit — this circuit has referred to it several times as legal tolling, as recent as Hatfield v. Halifax. We're worried about what the Supreme Court of Arizona would say. The Arizona Supreme Court says that American pipe is equitable rather than legal. Can it toll the statute of repose? Well, again, I think if we get into whether it's equitable or illegal, I think we have to look back to what is the purpose of a statute of repose and what is the purpose of a statute of limitations. Both of the purposes are similar. You must give notice of your claims before the bar drops down. Okay. The filing of a Rule 23 class action complaint, just like the filing of a complaint under Rule 3, commences an action. The Hoffman complaint, which is a truly representative action for these particular homeowners, was filed before the bar dropped down. In the Federal scheme of things, do we — do we know what the Federal courts would do with a statute of repose under American pipe tolling? Well, Judge Ripple, from your own circuit, it's interesting. I know you authored the Ferguson case, and that was an equitable tolling case, and statute of repose cannot be tolled by equitable tolling. We submit that in our briefs. We agree. Equitable tolling does not toll statutes of repose. Within your circuit is also the NRA Discovery Zone case that came out of one of the district courts, and the district court in that case, in the footnote, concluded that statutes of repose can be tolled by American pipe tolling. It's legal tolling. It's not equitable tolling. It's legal tolling. I know my opponent is going to try and argue again that this whole thing hinges upon whether the statute of repose can be or cannot be tolled. That was their whole issue for the cross-appeal that they've since chosen not to pursue. So I'm not even sure that would be the right issue before the Court. The issue that's before the Court and what we're asking the Court to reverse and remand back to the district court is, should American pipe tolling be applied as written, the bright line rule, when a class action complaint is filed, the statutes of limitation or repose are suspended until certification is denied. Not this rule that the district court came up with without any legal authority to back up where the rule came from. There's not a single case out there that says American pipe tolling starts when the motion for certification is filed. Okay. Thank you. Good afternoon, Your Honors. Gary Birnbaum, appearing for appellees. My partner, Steve Richman, is at counsel table as well. Your Honors, Judge Ripple has provided us with the perfect introduction. Because this is an eerie case, there is a four-step analysis required. We believe that the appellant's case fails at each one of the steps. Step number one is this Court can address, if you choose to do it in this order, the following key question. Would the Arizona courts recognize tolling of ARS 12552, the statute of repose? Here's what we believe the answer is. First, the language of the statute, which the Arizona courts look to first, is crystal clear. In no event may an action, a construction defect action, be brought more than nine years after substantial completion of the housing project involved. In no event. It happens to be precisely the same language that the Ninth Circuit had before it in an Oregon case called school district number 1J versus of Mutamwa, Oregon, which is cited in our briefs. Same language. In that case, it was a 10-year statute, which was deemed to be an absolute bar, because that's the policy underlying a statute of repose. It's totally different than a statute of limitations, although certainly has some similar considerations. A statute of limitations, for example, is based on accrual. A statute of repose is not. The claim can be extinguished before it ever even accrues. And every State and every circuit agrees with that. It is a matter of business, economic, and social policy that the legislature has determined that at some point in time, the contracting, home building, business professional, design professional business requires an absolute bar, finality, so that they know that they will not be sued, at least in contract, 10 or 20 or 30 years later for work that they did. We also have a case from the Arizona Court of Appeals that says exactly what I just said. It's a case called Evans-Withecombe. And not only does it support the reading of the statute as an absolute bar, but the facts of that case are wonderfully important, because they tell you how serious the bar is. That was a construction defect case, just like this one, against a builder just like this one. The builder was sued just before the statute of repose expired. The builder then sought to file third-party claims against the subcontractors who actually did the work, the defective work. And the Arizona Court of Appeals said, you can't do it. If it's after the 8- or 9-year limitation in the statute of repose, you may not bring those claims, even if they're based on express contract or implied indemnity. They are barred. We also have a case called Moore v. Browning, also out of the Court of Appeals, which is identical to our case, except the statute of repose there was a fraudulent conveyance statute. And the Arizona Court of Appeals said exactly the same thing. The claim is extinguished. It is barred. The American – the Arizona Supreme Court has not had a case involving the American Pipe Doctrine. Not directly, Your Honor. And the statute of repose. But it, again, has had this one case from the – Pozo guy. Yes, Your Honor. And what do you make of that? Well, Your Honor, let me – It's an equitable tolling case. If I may ask your indulgence, let me get to that in just a couple of seconds. Sure. Because there's a logical order here. The last thing I want to say about this absolute bar is there is no Arizona case. There just is none that has ever decided that the absolute bar is not an absolute bar. You're not only being asked to predict what the Arizona courts would do with an unambiguous statute, you're being asked to carve a hole in an unambiguous statute that simply has never been found to exist. Now, the second step, which they, the appellants concede, is if you find that a statute of repose can be tolled, then the question is can it be equitably tolled? And everybody seems to agree, Seventh Circuit in Cato, Arizona District Court in Warfield, and the appellants' counsel here today, everybody agrees that the answer to that is no, it cannot be equitably tolled. So that takes you to the third question. How would the Arizona courts view American pipe tolling? Let us assume for the moment, because it's not an unreasonable assumption, that American pipe would be adopted in Arizona in some form and recognized as a reasonable policy decision under Rule 23. What type of tolling would the Arizona courts view that as? We have in Arizona only one answer. We have the Arizona Supreme Court in 1985, three different times in its decision, utilizing, and this is the Hosegai case, utilizing American pipe as an example of equitable tolling, three different times the Supreme Court of Arizona has told us that's equitable holding. And we have a lot of Federal cases that say American pipe is legal tolling. We do. We have some Federal cases that say that. Arizona is free to go its own way. Yes, Your Honor. And in fact, we have Federal cases, some of which are relied on by appellant, like the Bridges case out of the Fourth Circuit. We have cases out of the U.S. Supreme Court that has occasionally referred to it as equitable tolling. So we need, because it's an eerie case, to figure out where the Arizona Supreme Court would go. We respectfully submit, one, the Arizona Supreme Court is going to say its statute of repose is not subject to tolling. Should we give the Arizona Supreme Court the opportunity to do that by certifying the question to them? Your Honor, we gave a lot of thought to that, anticipating your question. We don't we, the appellees in this case, do not believe that's appropriate. We believe the Arizona courts have given you more than enough guidance, first, on the question of whether they'd extend the statute of repose in any case, and second, whether they view it as equitable tolling. But if you were to certify an issue, you have to certify four issues. You have to certify the issue of is the statute of repose subject to tolling at all? Is equitable tolling a grounds for extending the statute of repose? Is American pipe an equitable tolling species, or is it some type of other tolling? And then we finally get to the last point, which is the Federal law issue. On the other hand, if we do not certify the issue and get a precise understanding of Arizona law, we have the possibility of guessing, making the eerie guess on the question, but being read as having made a statement as to what the Federal rule should be on the how American pipe applies to statutes of repose, an issue that no other circuit has had to face. I agree with both points you've made. There is some risk of such a position being interpreted as a statement of Federal law. There is some risk that your assessment of Arizona law could be wrong, but it would, in fact, be a reasonable assessment based on existing Supreme Court and court of appeals decisions. But you don't need to get there, because the Federal issue in this case, it's a procedural issue, is did Judge McNamee, in the awful circumstances of this case, and I don't have enough time to go through them, but dismissals of Hoffman for untimeliness, warehousing of plaintiffs, dismissal of Albano I for failure to state a claim, dismissal of Albano II, failing to answer the summary judgment motion, and then thereafter seeking to vacate the judgment that had never been entered, and then finally, Judge McNamee finding a consistent pattern of misrepresentation and misstatement in the record. The only question is this. Does Judge McNamee have discretion? Does the rule allow sufficient flexibility? Whether it's under Federal rule of civil procedure 1 or any other theory, did Judge McNamee have the discretion to limit the tolling period in the manner that he did? And my response to that is he certainly did, and the suggestion of a bright-line rule is absolutely wrong, and we already know it, because the Ninth Circuit, in the cases they try to distinguish, Fleur and Catholic Social Services, has already said there are circumstances in which we are going to allow flexibility. In the Inouye-Hanford nuclear case, the district judge used the exact same period that Judge McNamee used here. That case was then affirmed by the Ninth Circuit. And then finally, in American Pipe itself, Justice Blackmun, in his concurring opinion, warned about exactly this circumstance, the district court must have discretion to set the tolling period where it is appropriate under the circumstances, and then in Crown Court, Justice Powell, in his concurrence, reconfirmed that same warning. This case can be decided very simply on its facts, on the discretionary basis that  In other words, the case is about the fact that in the case of the district court, those more difficult issues of eerie and law don't need to be reached at all. There's certainly no abuse of discretion on the record of this case. I think it was John Adams who said, Your Honor, facts are stubborn things, and that's what the appellants have to deal with in this case. Thank you very much. Thank you. You have a minute left. Thank you, Your Honor. I'd like to address a couple of things real quickly, just to clarify the record. First of all, the statute, the statute proposed, does not say in no event. It says notwithstanding any other statute. The rule in this instance, unlike the Federal rule, is not a statute. It's a rule of court, which the Arizona Constitution gives the courts in Arizona the right to create exclusively. Also, with regard to the Evans-Whitcomb case that was mentioned, the interesting thing about that, that involves third-party practice, and what happened there was the general contractor sat around until the homeowner's claims was done away with, and they had a ruling against them. Then it sought indemnity against the subcontractors that it had used to go after it. And what the court said there was, look, you could have brought your action against the subs while the action against the homeowners was pending. You didn't do it timely. You don't get the tolling. So there would have been tolling in that case had they brought it timely. Here, the class action complaint was brought timely. And there's a rule that Federal rules of subprocedure and the Arizona rules of subprocedure are the same. We look to Federal cases in Arizona as being authoritative. The rule was there for these people to rely upon. What's your view on certification? I think that this case is a good case for certification. If this court really wants exactly what the Arizona law or what the Arizona court should be doing, it should be before the Arizona courts. Do you agree with the four questions that we would pose? I'll accept. I don't think the issue with regard to does equitable tolling toll a statute or oppose, no one's disagreeing with that. It does not. All right. Thank you. All right. Counsel, thank you.
judges: Ripple, Rymer, Fisher